### JOSEPH BUTTERFIELD *vs.* WILLIAM H. CLEMENCE.

An attachment of personal property is not lost, although a third person, without the consent of the attaching officer, remove it from its place of deposit into the highway, where it is attached by another officer.

TROVER for a buggy wagon.   It was submitted to the court of common pleas, and by appeal to this court, on an agreed statement of facts.

The plaintiff, by virtue of a writ in his hands, as deputy sheriff, against the owner of the wagon, attached the same, and moved it to a different part of the city, and stored it in an open shed, not the property of the owner of the wagon.

23 *

Some person, without the knowledge of the plaintiff, moved the wagon from the shed into the highway, where the defendant, also a deputy sheriff, attached it on another writ against the owner, in favor of a different creditor, but without any knowledge of the prior attachment by the plaintiff. Soon after, the plaintiff notified the defendant that he had already attached said wagon, and demanded the same, but the defendant refused to deliver it, and sold it on the execution which issued in the second action.

The writ upon which the plaintiff attached said wagon was duly returned to court, with the plaintiff's return that he attached said wagon, and the action having been duly entered, judgment was rendered thereon for the plaintiff, and an execution, duly issued thereon, was placed in the hands of the plaintiff for collection, which judgment and execution still remain unsatisfied.

*I. W. Beard,* for the plaintiff.

*B. F. Butler,* for the defendant.

DEWEY, J. The court have no doubt of the correctness of the position taken by the counsel for the defendant, that an attaching officer must retain either the actual or constructive possession of the goods attached, to prevent a second attachment of the same goods by another officer from taking effect as a valid attachment. But the present case differs from those cited by the counsel. Here, there had been no voluntary surrender or abandonment of the property. It was not left in the hands of the debtor, or under his control, nor abandoned, merely by leaving it in the highway. The article was a buggy wagon, and of course must be stored in a suitable place for such an article. It was, upon being attached, removed by the officer to a different part of the city, and placed in a shed, not the property or in possession of the debtor. The constructive possession, at least, was in the officer, when it was removed by some third person into the highway, without the knowledge of the attaching officer, and in violation of his possession. The property having been thus removed by a third person, without the knowledge of the attaching officer, the attachment was not thereby defeated, if seasonably made known to those

who were setting up adverse claims by reason of an after attachment.

We think this was done in the present case, and that the plaintiff's attachment not having been lost, he is entitled to maintain his action. *Judgment for the plaintiff.*